**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Daniel Kubacki, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Peapod LLC, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## COMPLAINT - CLASS ACTION

## <u>INTRODUCTION</u>

1.       Plaintiff Daniel Kubacki ("Plaintiff") brings this action for damages, and other legal and equitable remedies, against Peapod LLC ("Defendant") for negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). The TCPA prohibits automated telephone calls to cellular telephones without prior express consent.

2.       "Voluminous consumer complaints about abuses of telephone technology-- for example, computerized calls dispatched to private homes-- prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 744, 181 L.Ed.2d 881 (2012). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3.       Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers

frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4.     This court has jurisdiction under 28 U.S.C. § 1331 (general federal question) and 47 U.S.C. § 227 (TCPA).  Venue in this district is proper because a substantial part of the events took place in this district as Plaintiff received the telephone call on his cellular telephone in this district. 28 U.S.C. § 1391(b)(2).  Defendant's principal place of business is 9933 Woods Dr., Skokie, IL 60077 and Defendant transacts business within this district.  Therefore, Defendant is subject to this Court's personal jurisdiction and is a resident of this judicial district.  28 U.S.C. § 1391(c)(2). Therefore venue is proper in this district.  28 U.S.C. § 1391(b)(1).

## PARTIES

5.     Plaintiff Daniel Kubacki is, and at all times mentioned herein was, an individual citizen of the State of Illinois who resides in the district.

6.     Peapod LLC is a foreign limited liability company registered in Delaware whose principal place of business is 9933 Woods Dr., Skokie, IL 60077 and whose agent, Illinois Corporation Service Company, is located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7.     In 1991 Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.     The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of

2

auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10.      On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

**FACTS**

11.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12.      Defendant is, and at all times mentioned herein was, a limited liability corporation and a "person", as defined by 47 U.S.C. § 153(39).

13.       Plaintiff received a call from Defendant on his cellular telephone on December 4, 2012 at 10:54am.

14.      This call to Plaintiff was a prerecorded message as the call was completely automated

and no live person spoke during the telephone call. Further, the call was to solicit new accounts for Peapod.

15.     The TCPA prohibits either prerecorded calls or calls made via an "automatic telephone dialing system" as defined by 27 U.S.C. § 227(a)(1).

16.     The telephone number that Defendant dialed contact Plaintiff was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).  This contact was for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

17.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

18.     In addition, any consent given to Peapod is not transferrable to new accounts or the solicitation of new accounts.

## COUNT I - TCPA CLASS CLAIM (CELLULAR CALLS)

19.     Plaintiff incorporates the above factual allegations herein.

20.     Defendant made automated telephone calls to the wireless telephone numbers of Plaintiff and the other Class members using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21.     Defendant made prerecorded calls to the wireless telephone numbers of Plaintiff and the other Class members.

22.     Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call

made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system **or** an artificial or prerecorded voice . . ." As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

23.     If Defendant's misconduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the Class.

24.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

25.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> (1) All persons within the United States or its Territories[1] (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after January 30, 2009.

26.     Plaintiff does not know the exact number of members in the Class, but based upon the fact that defendant delivers more than 300,000 orders a year across 24 U.S. markets, Plaintiff reasonably believes that Class members number in at least the hundreds.

27.     Plaintiff and all members of the class have been harmed by the acts of Defendant.

---

[1]Plaintiff may seek leave to amend the geographic scope of the Class definition based on discovery.

28.     This Class Action Complaint seeks money damages and injunctive relief.

29.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits.  The class can be identified easily through records maintained by Defendant.

30.     There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members.  Those common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made nonemergency calls to Plaintiff and class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed if there even was such a transaction, to make such calls;

c. Whether Defendant's conduct was knowing and/or willful;

d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

31.     As a person who received telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member.  Plaintiff will fairly

6

and adequately represent and protect the interests of the class, and he has no interests which are antagonistic to any member of the class.

32.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

33.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA. Members of the Class do not have an interest in pursuing separate individual actions as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution.  Management of these claims is unlikely to present any difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

34.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class members and against Defendant as follows:

a.     Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

b.     Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

7

     c.     An award of injunctive relief prohibiting such violations of the TCPA by

Defendant in the future;

     d.     An award of attorneys' fees and costs to counsel for Plaintiff and the

Class;

     e.     An order certifying this action to be a proper class action pursuant to

Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses

the Court deems appropriate, finding that Plaintiff is a proper representative of the Class,

and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

     f.     Such other relief as the Court deems just and proper.


Respectfully submitted,

/s/ Keith J. Keogh
One of Plaintiff's attorneys

Keith J. Keogh                   Matthew W. Kiverts
Craig Shapiro                    Law Offices of Matthew W. Kiverts
Timothy J. Sostrin              27 North Wacker Drive, Suite 401
Katherine Bowen               Chicago, Illinois 60606
Keogh Law, Ltd.                312.632.1017 (office)
101 North Wacker Drive, Suite 605    866.596.2210 (fax)
Chicago, Illinois 60606          mkiverts@kivertslaw.com
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com


## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh