**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Daniel Kubacki, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| Peapod LLC, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff Daniel Kubacki ("Plaintiff") respectfully requests that this Court enter and order determining that this action against Peapod LLC ("Peapod" or "Defendant") may proceed on behalf of a class. Plaintiff proposes the following class definition, subject to amendment as appropriate:

> (1) All persons within the United States or its Territories (2) to whose cellular telephone number (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after January 30, 2009.

Plaintiff respectfully requests that this Court enter and continue this motion until Defendant responds to class discovery, grant Plaintiff leave to file a memorandum of law in support of class certification, and subsequently an order certifying the class set forth above. Plaintiff further requests it be named as Class representative and attorney Keith J. Keogh be appointed counsel for

---

[1] This motion is being filed at this time to avoid any attempt to pick off the named plaintiff pursuant to *Damasco v. Clearwire*, No. 10–3934 (7th Cir. 2011) ("class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs....Although discovery may in some cases be unnecessary to resolve class issues, *see 3 Alba Conte & Herbert B. Newberg*, Newberg on Class Actions § 7.8, at 25 (4th ed. 2002), in other cases a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.")

the Class. In support of this motion Plaintiff states:

### A. NATURE OF THE CASE

In 1991 Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

At issue in this case are automated telephone calls that Defendant placed to Plaintiff (and the proposed Class members) through the use of an automatic telephone dialing system or prerecorded

voice.

Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

### B. RULE 23 IS SATISFIED

All requirements of Rule 23 of the Federal Rules of Civil Procedures are satisfied.

#### 1. Numerosity

The Class is no numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1). Based on the automated nature of Peapod's call, and the fact that defendant delivers more than 300,00 orders a year across 24 U.S. markets, there are more than 50 members of the Class.

At this point, it is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y 1982). The court may "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517, 1997 WL 139472, at *2 (N.D.Ill. March 25, 1997) (quoting *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination ... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

**2. Predominance and Typicality**

There are questions of fact or law common to the class, which predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(a)2), Fed. R. Civ. P. 23(a)(3). These common questions include:

a. Whether Defendant made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed if there even was such a transaction, to make such calls;

c. Whether Defendant's conduct was knowing and/or willful;

d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

The fact that Peapod was looking to solicit new accounts further supports the argument that common issues predominate because there will be no issue of consent as to new accounts.

**3. Adequacy**

Plaintiff will fairly and adequately protect Class members' interests. Fed. R. Civ. P. 23(a)(4). Plaintiff has no conflicting interests with the Class and is seeking relief on behalf of members of the Class. Plaintiff has retained counsel who is experienced in pursuing class actions on behalf of consumers. *See Exhibit* 1.

4.     **Fed. R. Civ. P. 23(b)(2)**

Defendant has acted on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole. Fed. R. Civ. P. 23(b)(2).

5.     **Fed. R. Civ. P. 23(b)(3)**

A class action is a superior method for the fair and efficient adjudication of this case. Fed. R. Civ. P. 23(b)(3). The claims brought by Plaintiff are shared by hundreds, if not thousands, of consumers. Fed. R. Civ. P. 23(a)(3). The resolution of all claims held by members of the Class in a single proceeding would promote judicial efficiency. Furthermore, members of the Class may not be aware of their rights under the law to recover for Defendant's practices.

WHEREFORE, Plaintiff respectfully requests that this Court enter and continue this motion until Defendant responds to class discovery, grant Plaintiff leave to file a memorandum of law in support of class certification, and subsequently an order certifying the class.

Respectfully submitted,

/s/ Keith J. Keogh
One of Plaintiff's attorneys

| | |
|---|---|
| Keith J. Keogh | Matthew W. Kiverts |
| Craig Shapiro | Law Offices of Matthew W. Kiverts |
| Timothy J. Sostrin | 27 North Wacker Drive, Suite 401 |
| Katherine Bowen | Chicago, Illinois 60606 |
| Keogh Law, Ltd. | 312.632.1017 (office) |
| 101 North Wacker Drive, Suite 605 | 866.596.2210 (fax) |
| Chicago, Illinois 60606 | mkiverts@kivertslaw.com |
| 312.726.1092 (office) | |
| 312.726.1093 (fax) | |
| Keith@KeoghLaw.com | |