```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

DANIEL KUBACKI, etc.,           )
                                )
            Plaintiff,          )
                                )
    v.                          )    No.  13 C 729
                                )
PEAPOD, LLC,                    )
                                )
            Defendant.          )

## MEMORANDUM ORDER

Peapod, LLC ("Peapod") has just filed its Answer and Affirmative Defenses ("ADs") to the putative Class Action Complaint brought against it by Daniel Kubacki ("Kubacki"). This sua sponte memorandum order is triggered by two aspects of that responsive pleading.

First, it must be confessed that mind reading is not among the attributes that this Court has brought to the federal bench. It is consequently without a clue as to just what intelligence is sought to be conveyed by Peapod's repeated use of this language (Answer ¶¶1, 2, 8-10, 15 and 17) in addressing a number of the allegations in Kubacki's Complaint:

> Peapod defers to the language of --, and to the extent the above characterization differs from --, the allegations are denied.

That locution conveys no useful information as to just what is in the mind of Peapod's counsel, and it certainly does not comply with the language or spirit of Fed. R. Civ. P. ("Rule") 8(b)(1)(B). Hence all of the sentences containing that usage are

stricken, and Peapod is granted leave to file proper self-contained amended answers to the corresponding paragraphs of the Complaint on or before March 18, 2013.

On the other side of the coin, all six of Peapod's ADs begin with this sentence:

> On information and belief, Plaintiff is the current subscriber of a telephone number that was reassigned from a Peapod customer to Plaintiff.

If that is indeed the case, it would appear not only (1) to sound the death knell for any class action here (on more than one ground) but also (2) to pose a question whether Kubacki has a viable claim under the Telephone Consumer Protection Act on his own behalf.

This action is currently set for a March 25 status hearing. In light of Peapod's ADs, it would appear that counsel for the parties would be particularly well advised to focus on what has been said in the preceding paragraphs (both through their advance disclosures and through other cooperative discovery efforts) in advance of the status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 8, 2013

2