IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL KUBACKI, etc., )
)
       Plaintiff, )
)
v. ) No. 13 C 729
)
PEAPOD, LLC, )
)
       Defendant. )

MEMORANDUM

During the course of the April 1 status hearing in this putative class action, this Court asked counsel for the parties to supply it with citations to caselaw authorities (rather than formal memoranda) that in their respective views bore meaningfully on the question whether conduct ascribed to defendant Peapod, LLC ("Peapod") by the Complaint was a violation of the Telephone Consumer Protection Act ("Act," 47 U.S.C. §227). Both counsel promptly tendered letters to this Court providing that input and enclosing copies of the cited opinions. Indeed, each side included as one of those citations Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637 (7th Cir. 2012), an opinion by our Court of Appeals that is of course binding on this Court.

Soppet set out a detailed analysis by Chief Judge Frank Easterbrook that has confirmed that a telephone call placed by Peapod's automatic telephone dialing system under the circumstances described by putative class plaintiff Daniel Kubacki in the Complaint did indeed violate Act

§227(b)(1)(A)(iii).  Whether or not that conclusion supports class certification in this case is a question that remains for the future.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date:  April 4, 2013