# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Daniel Kubacki, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-0729 |
| | ) | |
| Peapod LLC, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION[1]

Plaintiff Daniel Kubacki ("Plaintiff") respectfully requests that this Court enter and order determining that this action against Peapod LLC ("Peapod" or "Defendant") may proceed on behalf of a class. Plaintiff proposes the following class definition, subject to amendment as appropriate:

> (1) All persons within the United States or its Territories (2) to whose cellular telephone number relating to Peapod's Pick Up Service (3) Defendant placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after January 30, 2009.

### A. NATURE OF THE CASE

In 1991 Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior

---

[1] The initial placeholder motion was withdrawn as a result of the parties stipulation.

express consent of the called party.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

At issue in this case are automated telephone calls that Defendant placed to Plaintiff (and the proposed Class members) through the use of an automatic telephone dialing system or prerecorded voice.

### B. RULE 23 IS SATISFIED

As explained in detail in the accompanying memorandum, the above class should be certified as it meets all four requirements of Rule 23(a) along with at least one of the three categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997).

### C. Fed. R. Civ. P. 23(b)(2)

Defendant has acted on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole. Fed. R. Civ. P. 23(b)(2).

### D. Fed. R. Civ. P. 23(b)(3)

A class action is a superior method for the fair and efficient adjudication of this case. Fed. R. Civ. P. 23(b)(3). The claims brought by Plaintiff are shared by thousands of consumers.

Fed. R. Civ. P. 23(a)(3). The resolution of all claims held by members of the Class in a single proceeding would promote judicial efficiency. Furthermore, members of the Class may not be aware of their rights under the law to recover for Defendant's practices.

    WHEREFORE, Plaintiff respectfully requests that this Court enter an order the Court to certify the class defined above, appoint plaintiff class representative, and plaintiff's counsel as class counsel.

                                                Respectfully submitted,

                                                /s/ Keith J. Keogh
                                                One of Plaintiff's attorneys

Keith J. Keogh
Timothy J. Sostrin
Katherine M. Bowen
Keogh Law, Ltd.
55 W. Monroe, Ste. 3390
Chicago, Illinois 60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

Matthew W. Kiverts
Law Offices of Matthew W. Kiverts
27 North Wacker Drive, Suite 401
Chicago, Illinois 60606
312.632.1017 (office)
866.596.2210 (fax)
mkiverts@kivertslaw.com